FILED
Date March 29, 2010
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CANDACE NALL,

    Plaintiff,

vs.                                      CASE NO. 6:10-cv-464-Orl-28KRS

MAL-MOTELS, INC. and MOHAMMAD
MALIK, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CANDACE NALL**, by and through her undersigned counsel, sues Defendants **MAL-MOTELS, INC.**, a Florida Corporation, and **MOHAMMAD MALIK**, individually, hereinafter "THE DEFENDANTS", and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action by CANDACE NALL against her former employers for unpaid overtime and unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA"). CANDACE NALL seeks damages and reasonable attorney fees and costs.

2. The unlawful employment practices alleged below were committed within Brevard County, Florida.

3. At all times material herein Plaintiff is and has been a resident of Brevard County, Florida.

4. At all times material hereto, **MAL-MOTELS, INC.** has been a Florida corporation and has conducted business in Florida.

5. Defendant, **MOHAMMAD MALIK,** at all times material hereto was the owner/director of **MAL-MOTELS, INC.** and the individual responsible for setting **MAL-MOTELS, INC.**'s employees' pay schedule.

6. Defendant, **MOHAMMAD MALIK,** at all times material hereto, has controlled the Plaintiff and was the individual ultimately responsible for violating the FLSA provisions.

7. Defendants are employers as defined by 29 U.S.C. Section 203(d). Defendants have employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff is employed.

8. At all times material hereto, Plaintiff was an employee of defendants within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

9. Plaintiff was employed by Defendants from August 2005 through February 22, 2010.

10. This action arises under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215(a)(3). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

### COUNT I
### CLAIM FOR UNPAID WAGES AND ATTORNEY FEES PURSUANT TO F.S. 448.08

11. Plaintiff realleges and incorporates paragraphs 1 through 10 of this Complaint as if set forth in full herein.

12. This action is brought pursuant to the employment relationship of the parties pursuant to unpaid wages.

13. Plaintiff performed services for Defendants for approximately 5 years until on or about February 22, 2010, she was caused to resign due to Defendants failure to pay her earned wages.

14. Defendants have failed to correctly compensate Plaintiff for her work, including, but not limited to, expenses incurred in the course of her job.

15. Despite repeated requests by Plaintiff, Defendants have refused to pay Plaintiff the whole amount of wages owed to her.

16. Defendants' actions are intentional, reckless, willful or malicious.

16. Pursuant to F.S. 448.08, Plaintiff is entitled to recover costs of this action and her attorney fees.

18. Plaintiff has retained the undersigned attorney and agreed to pay to him a reasonable fee.

19. As a direct and proximate cause of Defendants' failure to pay Plaintiff wages due to her, Plaintiff has incurred economic damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the following:

a) Unpaid wages found to be due and owing;

b) Prejudgment interest;

c) All damages to which she may be entitled, including, but not limited to attorney fees, costs, and all compensatory damages owed;

d) Such other relief as this Court deems just and equitable.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

20. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 19.

21. Pursuant to 29 U.S.C. §207(a)(1), Defendants were required to pay Plaintiff overtime compensation at one and one-half times her regular rate of compensation for any hours worked in excess of forty (40) hours per week.

22. Plaintiff periodically worked in excess of forty (40) hours per week.

23. Defendants failed to pay Plaintiff overtime compensation at one and one-half times Plaintiff's regular rate of compensation for hours worked in excess of forty (40) hours per week in violation of 29 U.S.C. §215(a)(2).

24. Defendants' actions were willful and not in good faith.

25. Defendants are liable to Plaintiff for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. §216(b).

26. Defendants are liable for Plaintiff's attorney fees and costs incurred, pursuant to 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

a) Unpaid overtime found to be due and owing;

b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

c) Prejudgment interest;

d) Award of reasonable attorney's fee and costs; and

e) Such other relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED this _25_ day of March, 2010.

             ARCADIER & ASSOCIATES, P.A.

             Maurice Arcadier, Esquire
             Florida Bar No. 131180
             Attorneys for Plaintiff
             2815 W. New Haven, #304
             Melbourne, Florida 32904
             Phone: (321) 953-5998
             Fax: (321) 953-6075