UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CANDACE NALL,

Plaintiff,

-vs-

Case No.  6:10-cv-464-Orl-28GJK

MAL-MOTELS, INC., and MOHAMMAD
MALIK,

Defendants.

## ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the parties' Trial Briefs (Docs. 108 & 109), which have been filed as ordered by the Court at the final pretrial conference. (See Mins., Doc. 105). The Court asked the parties to brief the issue of the admissibility of evidence related to the parties' prior settlement of this case and the issue of whether there is actually a fact dispute for the jury's consideration as to whether Defendant Malik qualifies as an FLSA employer such that he, along with the corporate defendant, is liable if the jury finds in Plaintiff's favor.

I. Evidence Pertaining to Settlement

The parties reached a settlement of this case in 2012, and this Court approved that settlement. However, on appeal the Eleventh Circuit Court of Appeals vacated and remanded the case for further proceedings. The parties now dispute whether evidence of the prior settlement should be admitted at trial.

Federal Rule of Evidence 408 prohibits the use of evidence of compromise offers and

settlement negotiations for purposes of "prov[ing] or disprov[ing] the amount of a dispute claim or . . . impeach[ing] by a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a).  The rule also contains exceptions, providing that such evidence may be admitted "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

Plaintiff argues that any mention of the prior settlement or the amount thereof should be excluded.  Defendants, on the other hand, argue that evidence of the settlement should be admitted for the purpose of "negating a contention of undue delay" under Rule 408(b)—that is, that Defendants did not unduly delay in paying Plaintiff monies she claimed she was owed.  Defendants assert that the prior settlement goes to the issue of Defendants' good faith, which pertains to the question of whether liquidated damages should be awarded.

Upon consideration, the Court concludes that evidence of the settlement agreement or the amount thereof is not admissible at trial.  As argued by Plaintiff, the settlement prior to trial but after the lawsuit was filed does not bear on the issue of whether Defendants acted with good faith at the time Plaintiff allegedly was not paid what she was due. Defendants' "undue delay" argument is not persuasive.  Accordingly, evidence of the settlement agreement will not be permitted at trial.  As suggested by the Eleventh Circuit, the Court will, if necessary, make a factual finding after the jury trial[1] as to how much Plaintiff

---

[1]The Court indicated at the pretrial conference that this finding would be made prior to the jury trial.  Upon further consideration, however, the Court concludes that the better

received in the prior settlement for the purposes of setoff.

II.  Liability of Defendant Malik

In their pretrial statement, the parties listed as a disputed issue of fact "[w]hether Defendant Mohammad Malik is an employer under the" FLSA. (Doc. 92 at 5).  At the pretrial conference, the Court asked Defendants' counsel whether there was really a factual dispute as to whether Defendant Malik is an FLSA employer and then asked that the parties brief the issue.[2]

Defendant Malik "cannot be held individually liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).  The FLSA "broadly defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Id. (quoting 29 U.S.C. § 203(d)).  "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" Id. (quoting Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237 (5th Cir. 1973)) (further internal quotation and citation omitted).

The Eleventh Circuit has "recognized that '[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid

---

course is to address the issue of the amount of the settlement after, rather than before, trial.

[2]Plaintiff's counsel did not address this issue in his brief, perhaps recognizing that the issue is one of what Defendant's position on the matter is.

wages.'" Id. (alteration in original) (quoting Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986)).  But, "in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'"  Id. (quoting Patel, 803 F.2d at 638).

In their Trial Brief, Defendants argue the issue of whether Malik acted in bad faith. This goes to the question of whether liquidated damages should be awarded against Malik and Defendant Mal-Motels as well; it does not, however, speak to the issue of whether Defendant Malik qualifies as an FLSA employer.

If Defendant Malik does not contest that he qualifies as an FLSA employer, counsel shall so advise the Court on the first day of trial.  If he does contest this point, and if the evidence at trial is conflicting as to whether Defendant Malik meets the FLSA's definition of "employer," the issue will be submitted to the jury.

**DONE** and **ORDERED** in Orlando, Florida this _4_ day of December, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record